UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALFRED PATTON,

    Plaintiff,

v.

SUSAN M. WILSON, et al.,

    Defendants.
_____/

Case No. 2:18-cv-170

HON. JANET T. NEFF

## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 regarding Plaintiff's claim of deliberate indifference to his serious medical needs. Separate motions for summary judgment were filed by Defendant NP Wilson (ECF No. 35) and Defendants Covert, Bennet, Waybrant, and Guild (ECF No. 51). Both motions argued that Plaintiff failed to exhaust his administrative remedies and that Plaintiff failed to show the existence of any genuine issues of material fact relating to his deliberate-indifference claim. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending both motions for summary judgment be granted[1] and the case be terminated. The matter is now before the Court on Plaintiff's objections to the Report and Recommendation and Defendants' separate responses (ECF No. 61, 62). In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to

---

[1] The report and recommendation did not address Defendant Wilson's arguments regarding exhaustion of administrative remedies.

which objections have been made. The Court denies the objections and issues this Opinion and Order.

Plaintiff argues that "[t]he magistrate judge erred by concluding that Plaintiff failed to present medical evidence that showed that the delayed and inadequate treatment caused him unnecessary and preventable harm" (ECF No. 59 at PageID.1199). Plaintiff contends that Defendants' motion for summary judgment provided "'verifying medical evidence,'" including medical documents from his surgeon (*id*. at PageID.1200, citing ECF No. 35-2 at PageID.478, 515). However, the Magistrate Judge properly concluded that Plaintiff failed to present the required "verifying medical evidence" (ECF No. 58 at PageID.1193-1194, citing *Napier v. Madison Cty., Ky.*, 238 F.3d 739 (6th Cir. 2001), and *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890 (6th Cir. 2004)). Plaintiff failed "to place verifying medical evidence in the record to show the detrimental effect of the delayed or inadequate treatment," as required under the holdings in *Napier* and *Blackmore* (*see* ECF No. 58 at 1182, citing *Blackmore*, 390 F.3d at 898 (where the prisoner's affliction is non-obvious, "medical proof is necessary to assess whether the delay caused a serious medical injury")). Stated differently, Plaintiff failed to present evidence showing that any alleged delayed or inadequate treatment *caused* unnecessary or preventable harm (*see* ECF No. 58 at PageID.1182, 1194-1195). Plaintiff's argument fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion on this issue. This objection is denied.

Next, Plaintiff argues that "[t]here is a genuine issue of material fact with respect to the adequacy of the treatment that Defendants' provided Plaintiff" (ECF No. 59 at PageID.1200). Plaintiff asserts that the extensive treatments provided were not adequate because the "over-the-counter medications" were not "indicated for the treatment of cancer of the bowel" nor was any of the diagnostic testing "designed to test for cancer of the bowel" (*id*. at PageID.1204-1205).

Plaintiff contends that "Defendants continued with the same mode of so-called 'treatment' in the face of undeniable evidence that it was wholly ineffectual" (*id*. at PageID.1205).

However, as the Magistrate Judge noted, Plaintiff was "required to present some evidence showing that the Defendant *consciously exposed him to an excessive risk of serious harm*"; Defendants are not liable under the Eighth Amendment "if they provided reasonable treatment, even if the outcome of the treatment was insufficient or even harmful" (ECF No. 58 at PageID.1195, citing *Rhinehart v. Scutt*, 894 F.3d 721, 738-39 (6th Cir. 2018)). The Magistrate Judge properly concluded that, contrary to Plaintiff's argument, "each Defendant took reasonable steps to address Patton's complaints," as shown by the record of his extensive medical treatment (ECF No. 58 at PageID.1195-1196). The fact that Patton was ultimately diagnosed with cancer does not make Defendants liable under the Eighth Amendment (*id*. at PageID.1196). For these reasons, the objection is denied.

Plaintiff also argues that one of the Defendant's acknowledgment in the medical record that Plaintiff showed "no improvement" "suffices as evidence that [Defendants] consciously exposed Plaintiff to an excessive risk of serious harm" (ECF No. 59 at PageID.1205, citing R&R at p. 17 (*see* ECF No. 58 at PageID.1193)). Plaintiff's reliance on this single, limited reference in his medical record, taken out of context, does not undermine the Magistrate Judge's analysis or conclusion. Plaintiff's objection is denied.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court addresses, but does not certify pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken

in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Therefore:

**IT IS HEREBY ORDERED** that Plaintiff's Objections (ECF No. 59) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 58) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment by Defendant Wilson (ECF No. 35) and the Motion for Summary Judgment by Defendants Covert, Bennet, Waybrant, and Guild (ECF No. 51) are GRANTED.

**IT IS FURTHER ORDERED** that this Court does not certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.

Dated:  March 30, 2020

/s/ Janet T. Neff
JANET T. NEFF
United States District Judge